ROSS S. MARSDEN

*v.*

STATE OF ILLINOIS.

*Opinion filed May 21, 1923.*

RESPONDEAT SUPERIOR—*when State not liable.* The State is not liable for injuries sustained by its employees while in the performance of their duty.

SOCIAL JUSTICE AND EQUITY—While the State is not legally liable the Court as a matter of social justice and equity recommends an allowance to claimant for loss of time and expense incurred for necessary medical services.

Edward J. Brundage, Attorney General, for State.

This is a claim filed for injuries sustained by claimant on December 13, 1922, while in the performance of his duty as a helper on survey work, and in cross sectioning up a steep slope accidently slipped, and in attempting to regain his balance caught the limb of a tree with the result that the sudden jerk snapped the clavicle bone in his right shoulder causing a complete fracture. He was given immediate medical attention, but was unable to work for seventy-six working days on account of the loss of the use of his right arm. The Attorney General appears in behalf of the defendant and files a general demurrer. It is · the opinion of the Court that there is no legal ·liability on the part of the State, and therefore the demurrer of the defendant is sustained.

However, it is the opinion of the Court in view of the principles heretofore announced by this Court, and as sustained by the Statute creating this Court, that as a matter of equity and social justice in view of the fact that the claimant is a poor man, having a wife and' two children dependent upon him for support, and that the accident has worked considerable hardship upon Mr. Marsden and family in view of the fact that by reason of such accident he was deprived of his ability to earn support for his family seventy-six working days, and that said claimant was capable of earning $4.00 per day, and was earning that amount prior to his accident. It is therefore recommended by the Court as a matter of equity and social justice that said claimant be allowed the sum of $352.00, which is his compensation for loss of seventy-six working days at the rate of $4.00 per day, and $48.00 for necessary medical services rendered. This Court therefore recommends that the claimant be allowed the sum of $352.00.